JOHNNIE WAGGONER v. THE STATE.

No. 4291. Decided December 6, 1916.

Rehearing refused December 27, 1916.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, sustained the conviction under a proper charge of the court, there was no reversible error.

**2.—Same—Evidence—Moral Turpitude.**

Upon trial of a violation of the local option law, there was no error in excluding testimony that the State's main witness had committed a misdemeanor; besides, he had neither been indicted nor prosecuted therefor.

**3.—Same—Newly Discovered Evidence—Motion for New Trial.**

Where the testimony concerning newly discovered evidence was not filed during the term of the trial court, it can not be considered on appeal; besides, such testimony was not newly discovered, if the record were considered.

**4.—Same—Rehearing—Motion for New Trial—Statement of Facts—Bill of Exceptions.**

Where appellant, in a motion for rehearing contended that this court was mistaken in stating in the original opinion that a statement of facts of the testimony heard by the lower court on defendant's motion for new trial on the ground of newly discovered evidence was not filed during term time, but the transcript showed that this court was correct, there was no reversible error. However, as appellant's bill of exceptions recites this testimony which was filed in time, this court will pass thereon, and again holds that the alleged newly discovered testimony could have been secured on defendant's trial.

**5.—Same—Rule Stated—Newly Discovered Evidence—Practice on Appeal.**

Applications for new trial on the ground of newly discovered evidence will be closely scrutinized by the appellate court, as they are addressed in the first instance, to the discretion of the trial court, and unless the latter has abused

his discretion, and injustice has thereby been done the defendant, this court will not review it.

**6.—Same—Diligence—Rule Stated.**

Where the alleged newly discovered testimony is of such character that defendant must necessarily have known of its existence prior to the trial, and the trial court in the exercise of his sound discretion has refused a new trial, the judgment will not be reversed.

**7.—Same—Diligence—Rule Stated.**

The defendant must satisfy the court that the alleged new testimony has come to his knowledge since the trial and that it was not owing to the want of due diligence that it was not sooner discovered.

**8.—Same—Rule Stated—Diligence.**

A new trial will not be granted for testimony claimed to be newly discovered which could have been secured at the trial by the use of ordinary diligence.

**9.—Same—Requested Charge—Practice on Appeal.**

Where defendant's requested charge was partly embraced in the main charge and in a requested charge given, there was no error in refusing such charge.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. J. F. Perritte.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*King & Seale,* for appellant.—On question of newly discovered evidence: Stewart v. State, 52 Texas Crim. Rep., 100; Reed v. State, 27 Texas Crim. App., 317.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of the misdemeanor offense of selling intoxicating liquors in Nacogdoches County, where prohibition was in force, and assessed the lowest punishment.

The testimony by the State's witness was positive and unequivocal to the effect that appellant, at the time alleged, sold to him, in said county, intoxicating liquors, and that he did not deliver it to him under an agreement before then that he ordered it for said witness and merely delivered it to him without making any sale. The testimony on the appellant's side disputes this, and he had other testimony corroborating his own. This was a question for the jury and the lower court. They had all the witnesses before them, heard them testify, and saw them while testifying, and their credibility was a question for the lower court and not this. We can not, therefore, disturb the verdict.

The main charge of the court and that specially requested by appellant which was given by the court submit every issue in favor of appel-

lant that was raised by the testimony, and the court properly refused others requested by appellant. Nor do appellant's objections to the court's charge show any error.

The court properly excluded the proposed testimony by appellant to the effect that the State's main witness had made a single sale of intoxicating liquor, for the purpose of impeaching him. The offense, if any, was merely a misdemeanor. He had neither been indicted nor prosecuted therefor. The law is well settled and needs no citation of cases, to the effect that no witness can be thus impeached.

Appellant complains that the court erred in not granting him a new trial on the ground of claimed newly discovered testimony. The record shows that the court heard testimony on this during term time in ruling on his motion for new trial. This testimony was not filed during term time but nearly twenty days later. Hence, under the uniform decisions, and many of them, of this court, such matter can not be reviewed. However, to take appellant's motion and the affidavit of the witness whose testimony was claimed to be newly discovered, it would clearly show that it was not newly discovered, for the affidavit, in substance, shows that he was present at the time when appellant claims he made an agreement with the prosecuting witness to order for him, and some additional for himself, the liquor the State's witness testified had been sold to him by appellant, and his whole affidavit would exclude the idea that his testimony was newly discovered.

There was no error in the trial, and the judgment is affirmed.

*Affirmed.*

HARPER, JUDGE, absent.

## ON REHEARING.

### December 27, 1916.

PRENDERGAST, PRESIDING JUDGE.—Appellant claims that we were mistaken when stating in the original opinion that a statement of facts of the testimony heard by the court on his motion for a new trial on the ground of newly discovered evidence was not filed during term time, but nearly twenty days later. Upon a re-examination of the record we find that our statement was correct. The court adjourned on August 5th; the statement of facts of the testimony heard on his motion for new trial was not filed in the court below until August 23rd, eighteen days after adjournment. However, in one of appellant's bills of exceptions he recites this testimony, and that bill was filed on the day the court adjourned, and we will presume it was filed before actual adjournment; so that appellant is entitled to the benefit of that testimony, although his statement of facts was filed after adjournment, as stated.

We have read that testimony carefully, and we think it emphasizes against appellant the fact that the court was justified in denying him a new trial on the ground of claimed newly discovered testimony.

Our statute prescribing the causes which authorize the trial court to grant a new trial (art. 837, subdiv. 6) in even felony cases only, as one of the grounds, enacts: "Where new testimony material to the defendant has been discovered since the trial." This statute has been construed and the principles applicable so many times stated by our decisions as to settle practically all the questions relating thereto. Judge White, in section 1149, under said provision of the statute, has laid down these principles and many of the decisions establishing them. So has Mr. Branch, in his Annotated Penal Code, sections 192 to 205, inclusive. As a matter of convenience, and because Mr. Branch's work is more recent and cites later cases, we will state some of these principles applicable to this question:

1. Applications for new trial upon this ground will be scrutinized by the appellate court with much strictness. They are addressed much to the discretion of the trial court, and where that court has refused such an application, the appellate court will not reverse unless it shall appear that the trial court has abused its discretion, and that thereby injustice may have been done the defendant. He cites as authority for this principle eight cases from this court from the first report down to almost the last, specifically in point and sustaining his proposition.

2. Where it appears that defendant knew that the proposed new witness was present when the transaction occurred, or where the alleged new testimony is of such a character that defendant must necessarily have known of its existence prior to the trial, and the trial court in the exercise of its sound discretion has refused a new trial, the judgment will not be reversed to permit him to take advantage of his own negligence and to obtain a new trial to obtain testimony which he should and could have had at the trial. For this principle he cites forty-two cases, one from the Supreme Court when it had criminal jurisdiction, and all of the others from this court, from its creation down to the present time.

3. The defendant must satisfy the court that the new testimony has come to his knowledge since the trial and that it was not owing to the want of due diligence that it was not sooner discovered, citing nineteen cases from the Supreme and this court from its organization down to this date.

4. A new trial will not be granted for testimony claimed to be newly discovered which could have been obtained at the trial by the use of ordinary diligence, citing twenty-three cases from the Supreme and this court from its organization down to this date.

Many other propositions are laid down by Mr. Branch which have more or less bearing in this case, but it is unnecessary to state them.

The sale by appellant in this case is alleged to have occurred on March 8th. The complaint and information against him charging this were filed just one week later. His trial occurred on July 27th following.

Appellant swore on his trial that he met the complaining witness in

the town of Nacogdoches on or about the time alleged, and that that witness and he then and there agreed to buy whisky together and send off for it.  That the ordering of it was to be made by appellant, and it was to be shipped in his name and delivered to him.  That the complaining witness at the time paid him $5, which was the amount that he was to pay for one-half of said whisky; and that he then went to a certain person, naming him, and ordered the whisky, as agreed between them.  That it came later, and when it came he delivered half of it to the complaining witness under their said contract, and did not sell him the whisky.  The complaining witness swore that no such trade or arrangement was made by him with appellant at said time, or any other time, but that he bought the whisky direct from appellant and paid him $5 for the quantity that he then bought from him, which was then and there delivered to him by appellant.  Now, the witness, whose testimony appellant claimed to be newly discovered, as developed before the trial judge when he heard the testimony on appellant's ground of newly discovered testimony, swore that he knew both appellant and said complaining witness well and had known each of them for years.  That on the day and at the time and place which appellant swore he made said trade and arrangement with said complaining witness, he came up to the parties; that they all spoke to each other, and that he shook hands with appellant, and that he then and there heard the whole of said arrangement or trade between appellant and said complaining witness, and that it occurred just as appellant swore it did.  This witness lived but a few miles in the country and in an adjoining neighborhood to that of appellant, and that they had so lived a long time before, and ever since the said alleged sale.  Appellant did not testify at all on this hearing.  He introduced the affidavit of his claimed newly discovered witness, which he had attached to his motion for a new trial.  The substance of this affidavit was stated in the original opinion and was briefer than the testimony of this witness heard on the motion for new trial.  The testimony of this witness heard by the trial judge at the time is given in question and answer form, comprised in more than three typewritten pages and was in substance what we have given above.  It therefrom clearly appears, and the trial judge unquestionably was authorized to believe, and did believe, that said testimony could not have been, and was not, newly discovered.  If it was true, appellant had positive knowledge of it before his trial as well as after, and the court did not err in refusing him a new trial on that ground.

The only other ground complained of in the motion for a rehearing is that the court should have given his other special charge, as follows: "You are instructed as a part of the law in this case that if you believe from the evidence that said whisky was ordered by the said Johnnie Waggoner, and that at the time said order was made the witness Rodriguez paid said defendant $5 on said order, or if you have a reasonable doubt as to whether this is a fact, you will acquit defendant."

The court refused this charge, giving as his reason that this issue was already covered in the charge that he had given. The court was correct in refusing the charge. He did give, at appellant's special request, the following charge, which embraces clearly the said issue, towit: "You are instructed as a part of the law in this case that if the defendant, Johnnie Waggoner, agreed to order said whisky in connection with the witness Rodriguez and that said Rodriguez paid in money at the time said order was made and that after said whisky came the defendant delivered one-half of said whisky to said Rodriguez and requested said Rodriguez to keep his, defendant's, part of said whisky until he returned home, then the defendant has violated no law and you will acquit him."

The motion is overruled.

*Overruled.*